UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| TIG INSURANCE COMPANY, successor by merger to International Insurance Company,<br><br>           Plaintiff,<br>   v.<br><br>ARROWOOD INDEMNITY COMPANY, formerly known as Royal Indemnity Company,<br><br>           Defendant. | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff TIG Insurance Company ("TIG"), successor by merger to International Insurance Company, complains of Defendant Arrowood Indemnity Company ("Arrowood"), formerly known as Royal Indemnity Company, as follows:

### NATURE OF THE ACTION

1.   This is a civil action for breach of a facultative reinsurance contract, which reinsures an insurance policy, and arises from Arrowood's refusal to indemnify TIG for payments made by TIG under the policy.

### THE PARTIES

2.   Plaintiff TIG is an insurance company organized under the laws of the State of California with its principal place of business in Manchester, New Hampshire.

3.   Defendant Arrowood is a corporation organized under the laws of Delaware with its principal place of business in Charlotte, North Carolina.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because TIG, as the plaintiff, and Arrowood, as the defendant, are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest, costs and fees.

5. This Court has personal jurisdiction over Arrowood because, on information and belief, Arrowood has transacted and continues to transact substantial business in the State of New Hampshire, because Arrowood is an insurance company licensed by the State of New Hampshire, and because Arrowood otherwise has the requisite minimum contacts with the State of New Hampshire.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## BACKGROUND

7. A reinsurance contract is an arrangement whereby one insurance company, known as the "ceding company" or the "cedent," obtains insurance from another insurer, known as the "reinsurer," in order to transfer some or all of the insured risk the cedent has assumed.

8. The reinsurance at issue in this case is "facultative reinsurance," which applies to a single policy or risk and is negotiated on an individual basis.

## THE UNDERLYING INSURANCE POLICY

9. United States Fire Insurance Company ("U.S. Fire") issued an insurance policy, Policy Number 320-12-41-08-6, effective from December 1, 1982 to December 31, 1986, to its insured, Southdown, Inc. and Southdown, Inc.'s affiliates and subsidiaries (the "Southdown Policy"). By endorsement, the Southdown Policy was cancelled effective January 1, 1985.

10.     The Property Section of the Southdown Policy provided coverage limits of $30 million each occurrence excess of a $100,000 deductible for each claim, with a $400,000 aggregate deductible.

## THE SETTLEMENT

11.     Southdown, Inc.'s subsidiary Azusa Land Reclamation Co. ("ALR") operated the Azusa Landfill in California.  In 1987, Southdown sold the Azusa Landfill and the stock in ALR to a wholly-owned subsidiary of Browning Ferris Industries, Inc.

12.     In December 2003, Browning Ferris Industries, Inc. and several formerly-related entities, including ALR, (collectively "BFI") added U.S. Fire as a defendant in coverage litigation in state court in Texas, contending that BFI was entitled to coverage under the Southdown Policy for loss related to the Azusa Landfill.

13.     In February 2009, TIG and BFI executed a settlement agreement resolving their coverage dispute as to the Southdown Policy (the "2009 Settlement Agreement").

14.     Under the 2009 Settlement Agreement, TIG was required to and did pay $13.5 million to BFI under the Southdown Policy.

## THE FACULTATIVE REINSURANCE CONTRACT

15.     U.S. Fire and Arrowood are parties to a facultative reinsurance contract covering the Property Section of the Southdown Policy.

16.     The facultative reinsurance contract was originally effective from December 1, 1982 to December 31, 1985, and was subsequently cancelled effective January 1, 1985.

17.     Pursuant to the facultative reinsurance contract, Arrowood agreed to reinsure U.S. Fire for 16.2162% of 92.5% of the amounts that U.S. Fire paid under the Property Section of the Southdown Policy.

18. Arrowood accepted premium payments from U.S. Fire in exchange for its agreement to reinsure U.S. Fire.

19. Pursuant to a 1993 corporate restructuring, U.S Fire transferred to International Insurance Company ("IIC") certain insurance policies and related claims, including the Southdown Policy. On December 16, 2002, IIC merged into TIG. As a result of the merger of IIC into TIG, TIG has assumed the rights and obligations of U.S. Fire and is vested with the legal right to enforce the facultative reinsurance contract.

20. Pursuant to the facultative reinsurance contract, Arrowood must indemnify TIG for Arrowood's share of payments TIG has made under the Property Section of the Southdown Policy.

## THE BILLING

21. On July 24, 2009, TIG submitted a Claim Settlement Request to Arrowood under the facultative reinsurance contract, through which Arrowood agreed to reinsure and indemnify TIG for a portion of its obligations under the Southdown Policy. Pursuant to the Claim Settlement Request, TIG requested that Arrowood pay $2,073,153.23 for its share of TIG's settlement payment to BFI and expenses.

22. On April 1, 2010, TIG submitted an additional Claim Settlement Request to Arrowood under the facultative reinsurance contract. Pursuant to the Claim Settlement Request, TIG requested that Arrowood pay $26,531.23 for the remainder of Arrowood's share of TIG's settlement payment to BFI and expenses.

23. Arrowood has refused to pay TIG's 2009 and 2010 billings under the facultative reinsurance contract

24. TIG has performed its obligations under the facultative reinsurance contract

## COUNT I – BREACH OF CONTRACT

25. TIG re-alleges each and every allegation set forth in paragraphs 1 through 24 as if set forth in full in Count I.

26. Arrowood has failed to pay the amounts due and owing to TIG under the facultative reinsurance contract.

27. In failing to pay amounts due to TIG pursuant to TIG's billing, Arrowood has breached its obligations to reinsure and indemnify TIG under the facultative reinsurance contract.

28. As a result of Arrowood's breach of the facultative reinsurance contract, TIG has suffered damages of no less than $2,099,684.46.

WHEREFORE, TIG respectfully requests that the Court enter judgment in TIG's favor and against Arrowood as follows:

(a) A judgment that Arrowood breached the facultative reinsurance contract;

(b) An award to TIG of $2,073,153.23 in compensatory damages, plus statutory pre-judgment interest, from Arrowood for its breach of the facultative reinsurance contract;

(c) Reasonable costs and fees incurred in bringing this action; and

(d) Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted,

TIG INSURANCE COMPANY

By Its Attorneys,

McLANE, GRAF, RAULERSON & MIDDLETON,
PROFESSIONAL ASSOCIATION

Dated: October 14, 2010

By: /s/ Thomas J. Donovan_____
Thomas J. Donovan No. 664
*tdonovan@mclane.com*
900 Elm Street, P.O. Box 326
Manchester, New Hampshire 03105-0326
Telephone: (603) 625-6464

and

Teresa Snider, of counsel
*tsnider@butlerrubin.com*
Butler Rubin Saltarelli & Boyd, LLP
70 W. Madison, Suite 1800
Chicago, IL  60602
Telephone: (312) 444-9660